# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:16cv545

| | | |
|---|---|---|
| **ROBERT D. PEELER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM AND** |
| **CAROLYN W. COLVIN,** | ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the Commissioner's Motion to Dismiss [# 12]. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12].

## I. Analysis

A claimant may obtain review of a final decision of the Commissioner made after a hearing by commencing a civil action in the United States District Court in which the claimant resides. 42 U.S.A. § 405(g). Pursuant to Section 405(g), a claimant must file his or her civil action within sixty days after the Commissioner

mails the claimant the decision.  Id.  This sixty day requirement for filing a civil

action is not jurisdictional but constitutes a statute of limitations.  Bowen v. City of

New York, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986); Hyatt v. Heckler, 807

F.2d 376, 378 (4th Cir. 1986).  "In addition to serving its customary purpose, the

statute of limitations embodied in § 405(g) is a mechanism by which Congress was

able to move cases to speedy resolution in a bureaucracy that processes millions of

claims annually."  Bowen v. City of New York, 476 U.S. 467, 481, 106 S. Ct.

2022, 2031 (1986).

As a statute of limitations, however, the sixty day time period may be

subject to equitable tolling.  Bowen, 476 U.S. at 480, 106 S. Ct. at 2030; Hyatt,

807 F.2d at 380.  "Although the Secretary usually retains authority to determine

tolling, a court may act where the equities in favor of tolling the limitations period

are so great that deference to the agency's judgment is inappropriate."  Hyatt, 807

F.2d at 380 (internal quotation and citation omitted).  For example, tolling applies

in cases where secret conduct on the part of the Government prevents a plaintiff

from knowing of a violation of right.  Bowen, 476 U.S. at 480-81, 106 S. Ct. at

2030.

The Administrative Law Judge ("ALJ") issued the decision in this case on

February, 10, 2016.  (Hartt Decl. Ex. 1, ECF No. 12-2.)  Plaintiff requested review

of the decision, and the Appeals Council denied Plaintiff's request for review. (Hartt Decl. Ex. 3, ECF No. 12-2; Hartt Decl. Ex. 4, ECF No. 12-2.) On April 22, 2016, the Appeals Council mailed Plaintiff the Notice of Appeals Council Action ("Notice") denying Plaintiff's request for review of the decision. (Hartt Decl. Ex. 2, ECF No. 12-2.) The Appeals Council also mailed a copy of the Notice to Plaintiff's representative, who is an attorney. (Hartt Decl. Ex. 1 at p. 4, Hartt Decl. Ex. 2 at p. 3.) The Notice Plaintiff received clearly sets out the manner in which Plaintiff was to file a civil action. (Hartt Decl. Ex. 2, at 2-3.) The Notice even informs Plaintiff that he needs to file a complaint, who the complaint should name, and how to perfect service of the complaint and summons. (Id.) The Notice also warned Plaintiff that he had sixty days to file his civil action requesting court review of the Commissioner's decision. (Id.)

On July 13, 2016, after the expiration of the sixty days to file a civil action in federal court, Plaintiff's representative filed a request for extension of time to file a civil action in federal court with the Appeals Council. (Hartt Decl. Ex. 3, ECF No. 12-2.) The Appeals Council denied the request for an extension of time, finding that the reasons given by Plaintiff's counsel for failing to timely file a civil action did not constitute good cause under 20 CFR 404.911 and 416.1411. (Hartt Decl. Ex. 4, ECF No. 12-2.) Meanwhile, Plaintiff filed this action on July 13,

2016, outside of the sixty day limitations period for challenging the Commissioner's decision.   Thus, barring the application of equitable tolling, Plaintiff's complaint is time barred.

Plaintiff does not dispute that his Complaint is not timely.   Rather, Plaintiff contends that he should not be punished for his counsel's neglect in timely pursuing his appeal.  Plaintiff presents the same argument to this Court that the Appeals Council rejected in finding that the error by counsel's staff in managing Plaintiff's filing of his civil action in federal court did not constitute good cause for excusing a late filing.   Just as the Appeals Council found that Plaintiff failed to set forth sufficient reasons for extending the deadline for filing his civil complaint, the Court finds that Plaintiff has failed to set forth the type of exceptional circumstances that would warrant the application of equitable tolling.   Plaintiff does not dispute that he received notice of the adverse action.  And the allegations by counsel of the failure of his staff in filing this action in a timely manner is the type of "garden variety claims of excusable neglect" that do not amount to the type of exceptional circumstances that warrant the application of equitable tolling in social security cases.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990); see also Delapara v. Colvin, Civil No. 3:16cv74, 2016 WL 5024230, at *2 (E.D. Va. Aug. 19, 2016) ("Only exceptional circumstances

may justify equitable tolling."); <u>Hopkins v. Colvin</u>, Civil Action No. 6:12-cv-2973-RBH, 2014 WL 4231257, at *4 (D.S.C. Aug. 26, 2014) ("equitable tolling must be justified by exceptional circumstances."). In short, the Court finds that no circumstances justifying the application of equitable tolling arise in this case. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12] and Dismiss this action as time barred.[1]

## II.     Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12] and **DISMISS** this action as time barred.

Signed: December 3, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

---

1  The Court notes that Plaintiff's argument regarding procedural due process, which is not supported by a single citation to any legal authority, and Plaintiff's argument regarding equal protection are both frivolous legal arguments that deserve no serious discussion from this Court.

## <u>Time for Objections</u>

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).