UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00545-MOC-DLH

| | | |
|---|---|---|
| **ROBERT D. PEELER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#15). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. See Pl. Objections (#16).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

-1-

and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

## FINDINGS AND CONCLUSIONS

### I. Background

In this case, the retained attorney did not timely file a federal social security complaint. Magistrate Judge Howell in his M&R noted that the plaintiff "does not dispute that his Complaint is not timely." (#15) at 4. The magistrate judge then noted that the complaint is time-barred without the application of the principle of equitable tolling and would be dismissed. Id. at 3. Finding that equitable tolling was inapplicable, the magistrate judge recommended that the court dismiss the suit. Id. at 4.

The plaintiff has filed two objections to the magistrate judge's M&R. Pl. Objections (#16). Plaintiff's first objection is it was error to find that equitable tolling did not apply. (#16) at 1. In plaintiff's argument, he contends the principle should apply here pursuant to the Second Circuit's decision in Torres v. Barnhart, 417 F.3d 276 (2nd Cir. 2005). Plaintiff's second objection relates to equal protection. (#16) at 2.

### II. Discussion

#### A. First Objection

With regard to plaintiff's first objection, the plaintiff claims that social security regulations and policies provide for the consideration of circumstances that kept a claimant

from making a timely request. See 20 C.F.R. § 404.911; Program Operations Manual System GN 03101.020, *available at* http://policy.ssa.gov/poms.nsf/lnx/0203101020. Further, the plaintiff argues the plaintiff himself could not have known that his attorney's office had erred and he could not have known of the need to file timely.

In support of his argument, he cites to the Second Circuit's opinion in Torres. (#16) at 2. In Torres, the Court of Appeals for the Second Circuit held that the doctrine of equitable tolling permits courts to deem filings timely where the litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. While acknowledging that failure of an attorney to comply with the timely filing requirements of the Social Security Act did not "necessarily constitute an 'extraordinary circumstance' warranting equitable tolling," 417 F.3d at 280, the appellate court held that the court should have conducted a hearing and there considered whether a "legally-ignorant, linguistically-challenged" -- but otherwise diligent -- claimant's ability to file a complaint had been "stymied" by "being seriously misled by an attorney in whom he placed his trust." Id. The Second Circuit had, however, previously held that "attorney error [is] inadequate to create the 'extraordinary" circumstances equitable tolling requires." Smaldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001). While a decision from the Second Circuit does not bind this court, it can, absent more particular guidance from the Supreme Court or Fourth Circuit, be a persuasive authority that the court may look to when making its determination. An unpublished decision from elsewhere within the Fourth Circuit is similarly persuasive.

The Fourth Circuit and Supreme Court have, however, provided this Court with

ample guidance. Before determining whether the filing deadline should be tolled, this Court is first tasked with understanding the nature of the 60-day filing requirement. This requirement is not jurisdictional, but constitutes a period of limitations which can be waived or enlarged by the Commissioner. Bowen v. City of New York, 476 U.S. 467 (1986). Moreover, the 60-day filing requirement is a condition placed on Congress's waiver of federal sovereign immunity and must be strictly construed. Id. Although strictly construed, this statute of limitations is "unusually protective" of claimants, with the Commissioner being vested with the authority to toll the 60-day period on a case-by-case basis. Heckler v. Day, 467 U.S. 104 (1984). Here, the Commissioner has specifically elected not to toll the 60-day period. While deference is given to the final determinations of the Commissioner, "cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480. Ultimately, the Supreme Court determined that "traditional equitable tolling principle[s]" apply to Section 405(g)'s 60-day filing deadline. Id.

Turning to those traditional equitable principles, the Supreme Court has held that they "do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dept of Veterans Affairs, 498 U.S. 98 (1990) (holding that equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received). The Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (applying the holding to a federal

habeas petition).

More particularly, the Fourth Circuit has held that under the extraordinary circumstances test, a litigant is only entitled to equitable tolling where he presents: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). There, the Fourth Circuit made it clear that "the actions of Rouse's attorney are attributable to Rouse, and thus do not present "circumstances external to the party's own conduct." Id. at 249 (citation omitted). The appellate court went on to explain that "counsel's errors are attributable to Rouse not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency." Id. (footnote omitted).

Thus, what plaintiff has asked this court to do in the form of an objection, to wit, to overrule the magistrate judge's application of clear Fourth Circuit law based on a Second Circuit panel decision, is not appropriate. In accordance with well-settled principles of deference and precedent, this court must follow the clear guidance of the Court of Appeals for the Fourth Circuit as well as the Supreme Court. Here, counsel's error in failing to file the Complaint with this court within 60-days is attributable to the claimant under Rouse. While this Court would prefer that such was not the law and that plaintiff's claim could be heard on the merits, it is bound to follow the decisions of the Fourth Circuit and the Supreme Court. Further, the court is unable to find other circumstances that would temper the result mandated by Bowen, Harris, and Rouse and allow for equitable tolling in this case. In addition, this was not an "unavoidable circumstance" as defined in the relevant

social security regulations or policies. Plaintiff's complaint is time-barred.

### B. Second Objection

Plaintiff's second objection regards equal protection. In plaintiff's argument, he contends that in three other cases where this same attorney missed the filing deadline the Commissioner found good cause to extend the time to file under Section 405(g) and granted those claimants discretionary relief. Further, plaintiff indicates that the Appeals Council statement denying the request for extension of time did not provide the court with findings and determinations to permit judicial review. Pl. Objections (#16) at 2-3.

First, the facts underlying those other three cases and informing the Commissioner's other decisions are not before this court. Second, the Commissioner's discretionary refusal to find good cause for plaintiff's untimely request for Appeals Council review is not subject to judicial review. Adams v. Heckler, 799 F.2d 131, 133 (4th Cir. 1986). See also 20 C.F.R. §§ 404.903(j), 416.1403(a)(8). Moreover, for an equal protection claim to arise, plaintiff would have to be able to plausibly allege that the Commissioner's decision was based on some unlawful consideration, such as race, not just that the decision was wrong or inconsistent with discretionary decisions in other cases. Whren v. United States, 517 U.S. 806, 813 (1996).

## III. Conclusion

After careful review, the court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will affirm the

Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#16) are **OVERRULED**, the Memorandum and Recommendation (#15) is **AFFIRMED,** defendant's Motion to Dismiss (#12) is **GRANTED,** and plaintiff's case is **DISMISSED** as time-barred.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: January 5, 2017

Max O. Cogburn Jr.
United States District Judge